IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDERICK BANKS, *a Witch*, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 15-1400 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Lisa Pupo Lenihan |
| POPE FRANCIS, *et. al*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 15-1385 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Magistrate Lisa Pupo Lenihan |
| JUDGE MARK HORNAK, *et. al*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

This Court addresses the show cause orders in Civil Action numbers 15-1400 and 15-1385, relying on Petitioner's written response thereto.[1] Contained in Petitioner's response is a Motion to Vacate the Order to Show Cause. (Docs. **6**). For the reasons that follow, Petitioner's Motion will be denied.

On November 23, 2015, Petitioner was ordered to show good cause as to why a vexatious litigant order should not be entered against him. (Docs. 5); See Chipps, 882 F.2d at 73. He was given notice that such an order could prohibit him from filing further lawsuits, both in his name and under his various aliases, without first obtaining leave of court. (Id.) In his response,

---

[1] Petitioner filed the same response in both actions. (Docs. 6).

1

Petitioner argues the following: 1) that the undersigned may not hear a case to which Petitioner is a party because he also serves as the representative of a criminal defendant in a case before the undersigned – specifically, defendant Jason Sheppard; 2) the fact that the undersigned has recused herself from one other case filed by Petitioner (No. 2:15-CV-00127), supports Petitioner's position that it is improper for the undersigned to hear any of his cases; and 3) Petitioner's litigation is not vexatious, as he was set up by Magistrate Judge Eddy and Timothy Pivnichny of the FBI, resulting in his wrongful incarceration for ten years, and he is simply trying to be made whole. (Docs. 6).

Criminal Action No. 13-278, USA v. Sheppard, does not involve Petitioner either as a party or as a representative. Even if Petitioner wished to represent Mr. Sheppard, Petitioner has presented no evidence that he is a licensed attorney. "The rule that a non-lawyer may not represent another person in court is a venerable common law rule." Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 232 (3d Cir. 1998) (abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist., 550 U.S. 516 (2007)) (citing Herrera–Venegas v. Sanchez–Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (noting that federal courts have consistently rejected attempts at third-party lay representation); Guajardo v. Luna, 432 F.2d 1324, 1325 (5th Cir. 1970) (stating that an ordered society has a valid interest in limiting legal representation to licensed attorneys); Brown v. Ortho Diagnostic Sys., Inc., 868 F.Supp. 168, 170 (E.D. Va.1994) ("Except in the rarest of circumstances, federal courts have been uniformly hostile to attempts by non-attorneys to represent others in court proceedings.")). As Petitioner does not – and may not – represent Mr. Sheppard, the Court need not consider the impact of such "representation" on the matters before it today.

It is true that the undersigned recused herself from Banks v. United States Marshals, No. 2:15-CV-00127, pursuant to 28 U.S.C. § 455. However, the basis for that recusal was entirely unrelated to Petitioner's role in that case. Recusal was warranted there – again, unrelated to Petitioner's involvement in the action – and it is not warranted here.

2

Lastly, Petitioner states that his litigation is not vexatious because, essentially, it has merit. This conclusory statement is insufficient to establish "good cause" as to why Petitioner should not be deemed a vexatious litigant. The Court understands that Petitioner may well believe that he is filing meritorious claims, but the abundance of legal decisions in his cases demonstrates otherwise.

In Civil Action No. 15-1385, Petitioner seeks a writ of mandamus against Judge Mark Hornak, "Dr. Unknown Wettstein," Adrian N. Roe, and "U.S. Attorney David J. Hikton" ("Respondents") to proceed as he requests in United States v. Banks, No. 2:15-CR-00168.[2] (No. 2:15-CV-01385, Doc. 1). Petitioner asserts that, as part and parcel of a larger conspiracy against him, Respondents are conspiring to impermissibly stop the speedy trial clock, in violation of his constitutional right to a speedy trial. (Id.). He requests that the undersigned – who is not the trial judge in that case – order that trial start immediately in No. 2:15-CR-00168. (Id.). In Civil Action No. 15-1400, Petitioner asserts that he was wronged by Pope Francis, Judge Mark Hornak, Adrian N. Roe, "Dr. Wettstein," Jim Brennan, CIA, and the FBI Director. (No. 2:15-CV-1400, Doc. 1). First, Pope Francis owed Petitioner a duty under the Ten Commandments, which he violated by failing to apologize to Petitioner for the New England Salem Witch Trials. (Id.). Second, "Hornak, Roe, Wettstein, Brennan and the FBI" violated various oaths of office and duties to Petitioner by, *inter alia*, failing to investigate his conspiracy theories; with respect to Criminal Action No. 4-176,[3] delaying criminal prosecution in violation of Due Process and his speedy trial rights; lying to him about a prospective sentence and his trial rights; "failing to address him in a manner becoming of a litigant who had prevailed in well over 30 federal decisions more than any

---

[2] The Court takes judicial notice of the docket at No. 2:15-CR-00168, which charges Frederick H. Banks with one count of interstate stalking, in violation of 18 U.S.C. § 2261A(2).

[3] In United States v. Banks, No. 2:04-CR-00176, Petitioner was found guilty by a jury of counts one through eight of the second superseding indictment against him, for commission of mail fraud in violation of 18 U.S.C. § 1341. He was sentenced to a term of 63 months' incarceration, to be served consecutively to a term of incarceration he was already serving.

3

attorney in U.S. history"; that Mr. Pivichny of the FBI "set him up" by intimidating a witness in his trial, and otherwise misrepresenting evidence including the date of Petitioner's purchase of a BMW '95 convertible. (Id.). In the "current case" – which the Court interprets as a reference to Criminal Action No. 15-168 – Petitioner alleges that "Defendant played games with Plaintiff's liberty in violation of Nature and of Nature's God Clause in the Declaration of Independence and actively conspired with Pope Francis who was notified of the allegations herein but failed miserably to take action and do their duty." Petitioner then demands a jury trial in No. 2:15-CR-00168. (Id.). Petitioner further alleges that on October 25, 2015, Allegheny County Jail refused him access to his medication for high blood pressure and back pain, in order to "punish Plaintiff for raising issues of Unconstitutional conduct as alleged herein." (Id.). Petitioner demands damages in the amount of $175 million and a writ of mandamus ordering the following: compensation for his harm suffered; revelation of an alleged investigation of Pivichny with respect to his allegations; vacation and expungement of Petitioner's record; the return of all of Petitioner's property seized by the U.S. government; Petitioner's immediate discharge from Allegheny County Jail; the cessation of the CIA's "electronic harassment" of Petitioner; and an immediate jury trial. (Id.).

Petitioner's claims here, like his claims in his countless other suits filed, are either fantastical and/or delusional; procedurally flawed; substantively meritless; previously adjudicated, or all four. "[C]laims describing fantastic or delusional scenarios," may be factually baseless, and thus frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Petitioner appealed various rulings in Criminal Action No. 4-176 – all of which were adjudicated not in his favor. Further, he has filed an interlocutory appeal in Criminal Action No. 15-168. (No. 2:15-CR-00168, Doc. 58). Thus, to the

4

extent that he asserts violations of his rights in that case, the proper avenue for assertion of those rights is an appeal of the allegedly improper rulings in that case. Moreover, a petition for a writ of mandamus to a District Court is improper. See Roche v. Evaporated Milk Ass'n., 319 U.S. 21; 28 U.S.C. § 1651. Contrary to his assertion otherwise, Petitioner's claims at Civil Action Nos. 15-1385 and 15-1400 are frivolous and lacking in merit.

As noted in the Court's Order to Show Cause, Petitioner has been warned on multiple occasions that his filing of meritless, duplicative motions, and initiation of frivolous, duplicative, defective and meritless lawsuits, will not be tolerated. See, e.g., Banks v. NYPD, 2015 WL 1643048 (W.D. Pa. April 1, 2015) (denying Mr. Banks's Motion for Leave to Proceed In Forma Pauperis as defective and noting that he further "lack[ed] authority and standing to bring these charges and [Plaintiff's] attempt to do so is both frivolous and malicious"); Banks v. NYPD, 2015 WL 1292235 (W.D. Pa. March 20, 2015) (denying Mr. Banks's Motion for Leave to Proceed In Forma Pauperis as defective and noting that he further "lack[ed] authority and standing to bring these charges and [Plaintiff's] attempt to do so is both frivolous and malicious"); Banks v. NYPD, 2015 WL 545865 (W.D. Pa. Feb. 10, 2015) (denying Mr. Banks's Motion for Leave to Proceed In Forma Pauperis as defective and noting that he further "lack[ed] authority and standing to bring these charges and [Plaintiff's] attempt to do so is both frivolous and malicious"); In re: Frederick Banks, 578 Fed.App'x 68 (3d Cir. 2014) (denying Mr. Banks's petition for writ of mandamus challenging proceedings related to the revocation of supervised release as frivolous and failing to make the requisite showing). Rather than heed these warnings, Petitioner has chosen to persist in duplicative, harassing, vexatious and defective filings. See, e.g., Banks v. United States Marshals Service, 2015 WL 6736816 (W.D. Pa. Nov. 3, 2015) (denying Petitioner's Motion to Remand as removal of the case was proper); Banks v. Pivnichny, 2015 WL 3938595 (W.D. Pa. June 25, 2015) (denying Petitioner's Motion for Leave to Proceed In Forma Pauperis as defective pursuant

5

to statute and Court Order dated November 6, 2013 in Civil Action No. 13-1198); Banks v. Central Intelligence Agency, 2015 WL 3604036 (D.N.J. June 8, 2015) (denying Petition for Writ of Habeas Corpus for failure to pay the filing fee or submit a motion for leave to proceed in forma pauperis); Banks v. United States Marshals Service, No. 2:15-CV-00127; Brown v. Honorable Robert Lutti, No. 2:15-CV-01154; Banks v. Hickman, No. 2:15-CV-01342 (closed); Banks v. Hornak, No. 2:15-CV-01385; Banks v. Pope Francis, No. 2:15-CV-01400; Brown v. Valsuka, No. 2:15-CV-01439.[4] As evidenced by the actions currently pending before the Court, there is no indication whatsoever that Petitioner intends to cease such filings. Petitioner's written responses to the show cause orders – on which this Court is forced to rely – do nothing to mitigate the abusive nature of Petitioner's many meritless, duplicative filings.

The Court finds that Petitioner, under his own name and with the use of aliases, has abused the judicial process via his filing of, in excess of 75[5] separate suits before the Western District of Pennsylvania (or subject to removal from state court), since February of 2005.[6] "Every paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. 180, 184 (1989) (per curiam). Consideration of Banks's countless repetitious, frivolous and vexatious

---

[4] It has come to the Court's attention that Frederick Banks files suits not only in his own name, but also under the name of, *inter alia*, Hamilton Brown. This is an obvious, unsuccessful and unacceptable attempt to fool the Court.

[5] The Court stopped counting at seventy-five, but there are considerably more filings than that.

[6] See, e.g., Banks v. Moore, No. 2:05-CV-00261 (W.D. Pa. filed 2/25/2005); Banks v. Hayward, No. 2:06-CV-00509 (W.D. Pa. filed 4/17/2006); Banks v. United States, No. 2:06-CV-00641 (W.D. Pa. filed 5/15/16); Banks v. United States, No. 2:06-CV-01275 (W.D. Pa. filed 9/25/2006); United States Ex. Rel. Frederick Banks v. Aramark Correctional Services, No. 2:06-CV-01424 (W.D. Pa. filed 10/26/2006); Banks v. Hayward, No. 2:06-CV-01572 (W.D. Pa. filed 11/24/2006); Banks v. Pittsburgh Tribune Review, No. 2:07-CV-00336 (W.D. Pa. filed 3/16/2007); Banks v. Fishback, No. 2:15-CV-00779 (W.D. Pa. filed 6/15/2015).

filings does not promote this end.

The Court of Appeals for the Third Circuit "has made clear that a pattern of groundless and vexatious litigation will justify an order prohibiting further filings without permission of the court." Chipps v. U.S.D.C. for the M.D. of Pa., 882 F.2d 72, 73 (3d Cir. 1989) (citing Gagliardi v. McWilliams, 834 F.2d 81 (3d Cir. 1987); In re Oliver, 682 F.2d 443 (3d Cir. 1982)). While a Court's order limiting future filing should be narrowly applicable to only those matters about which a particular petitioner or plaintiff files repeatedly, "a district court has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute." Id. It is the case that Mr. Banks's filings have indeed transcended a particular dispute, as he consistently files motions and suits related to the myriad of perceived wrongs he purportedly has endured.

Accordingly, this Court designates Petitioner as a vexatious litigant, and enters the following order to curtail his broad vexatious filings. See Chipps v. U.S.D.C. for the M.D. of Pa., 882 F.2d 72, 73 (3d Cir. 1989); see also Fessler v. Sauer, 455 F. App'x 220, 224–25 (3d Cir. 2011).

IT IS ORDERED that Petitioner is designated a vexatious litigant, and hereby is enjoined from filing, without prior authorization of the Court, any complaint, lawsuit or petition for writ of mandamus.

IT IS FURTHER ORDERED that Petitioner must file a motion for leave to file along with any new complaint, lawsuit or petition for writ of mandamus that he proposes to file, and must attach a copy of this Order to it. The motion shall be filed as a miscellaneous case.

IT IS FURTHER ORDERED that as an exhibit to any motion seeking such leave, there must be attached a declaration prepared pursuant to 28 U.S.C. § 1746 or a sworn

affidavit certifying that (a) the document raises a new issue that has never been previously raised by the filer in this or any other court, (b) the claim or issue is not frivolous, (c) the document is not filed in bad faith, and (d) a statement as to the basis for jurisdiction and venue in the Western District of Pennsylvania.

IT IS FURTHER ORDERED that concurrent with the filing, Petitioner also shall submit the District Court's filing fee or a sworn statement that he is under imminent danger of serious physical injury.

IT IS FURTHER ORDERED that the Court shall deny any motion for leave to file if the proposed document is frivolous, vexatious, or harassing. If the motion is denied, the document shall not be filed. The failure to comply with this Memorandum Order shall be sufficient grounds for this Court to deny any motion for leave to file.

IT IS FURTHER ORDERED that if the motion for leave to file is granted, Plaintiff shall submit the Order as evidence that he has obtained the permission of the Court for the filing.

IT IS FURTHER ORDERED that no document submitted by Plaintiff shall be filed prior to obtaining leave to file unless the document is specifically identified as a motion for leave to file, and unless the document contains an affidavit or sworn declaration as required by this Memorandum Order, and a copy of this Memorandum Order.

IT IS FURTHER ORDERED that the Clerk's office shall not accept any filing fees, cover sheets, applications for leave to proceed without prepayment of fees, summonses or U.S. Marshals forms, in connection with a motion for leave to file, unless and until leave is granted.

Finally, IT IS HEREBY ORDERED that Petitioner's Motions to Vacate the Court's Order to Show Cause (Docs. 6) are DENIED, as stated above.

IT IS SO ORDERED.

December 8, 2015                               s\Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via ECF email notification):

All counsel of record

cc (via First-Class U.S. Mail):

**FREDERICK BANKS**
120759
950 2nd Ave.
Pittsburgh, PA 15219