IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| FREDERICK BANKS | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 2:15-cv-1385 |
| v. | ) | District Judge Cathy Bissoon |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| JUDGE MARK HORNAK, *et al.*, | ) | |
| Defendants. | ) | ECF No. 1 |

**REPORT & RECOMMENDATION**

I. **RECOMMENDATION**

It is respectfully recommended that the Motion for Leave to Proceed *in Forma Pauperis* filed by Frederick Banks (ECF No. 1) be denied for the reasons set forth below. It is also recommended that the Clerk of Court mark the case closed.

II. **REPORT**

Plaintiff, Frederick Banks, is a federal prisoner currently confined at the Allegheny County Jail in Pittsburgh, Pa., while awaiting trial on a new criminal offense charged in an indictment returned at No. 2:15-cr-168 in the Western District of Pennsylvania. He commenced this civil action on October 26, 2015 by filing a one page Motion for Leave to Proceed *in Forma Pauperis* pursuant to 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(a), when a plaintiff has requested leave to proceed *in forma pauperis*,

1

his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e).

Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint…is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall*, C.C.F., No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke*, 490 U.S. at 325). Thus, pursuant to § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

Dismissal of the complaint as malicious under § 1915(e)(2)(B)(i) is warranted where after examining the litigant's subjective motivation for filing the lawsuit, the court determines that the action is an attempt to vex, injure or harass the defendant. *Daley v. U.S. Attorneys Office*, 538 F. App'x 142, 143-44 (3d Cir. 2013) (citing *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995)). Some courts have recognized more objective instances of malicious claims, for example, where the complaint "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Daley v. U.S. Dist. Court*

*Dist. of Del.*, 629 F. Supp.2d 357, 359-60 (D. Del. 2009) (citations and internal quotation marks omitted), *aff'd*, 383 F. App'x 178 (3d Cir. 2010), or where the complaint "is plainly abusive of the judicial process," *Abdul-Akbar v. Dep't of Corr.*, 910 F. Supp. 986, 999 (D. Del. 1995) (citations omitted), *aff'd*, 111 F.3d 125 (3d Cir. 1997).

Attached to Plaintiff's IFP motion is a Petition and Complaint for Writ of Mandamus (hereinafter "Petition"). Plaintiff, who describes himself as an American Indian, Wiccan, witch and warlock, moves the Court to issue a mandamus against Defendants Judge Mark Hornak, Dr. Wettstein, Adrian N. Roe, Esquire, and U.S. Attorney David J. Hickton, ordering them to proceed with the criminal case filed at Criminal No. 15-168 (W.D.Pa.) as soon as possible. Plaintiff alleges that Defendants Hornak, Wettstein, Roe and Hickton each owed him a duty to uphold the Constitution and administer justice equally to both poor and rich. Pet. ¶1 (ECF No. 1-1). Plaintiff further alleges that Hickton owed an additional duty to see justice done. *Id.* Plaintiff contends that Defendants Hornak, Wettstein, Roe and Hickton breached these duties by engaging in the following conduct.

At his arraignment and bond hearing in Criminal Case No. 15-168, Plaintiff demanded a 70 day speedy trial. *Id.* He contends that he instructed his counsel, Defendant Roe, on the record, not to file any motions so as to delay the case and stop the speedy trial clock. Plaintiff contends despite his specific instructions, at a status conference in his criminal case on August 26, 2015, Roe filed a motion to purposely delay the case. And on September 1, 2015, Judge Hornak entered an order, allegedly to purposely delay the case and stop the speedy trial clock, "because of Plaintiff's class

3

and religious status as a poor American Indian, witch, wiccan and warlock who practices witchcraft[ ] and also because Plaintiff raised issues against the CIA and its director Jim Brennan of electronic harassment."[1]  *Id.*  Plaintiff further contends that:

> [T]he order was issued in a fraudulent inducement fever to assure that Plaintiff's house would be sold at a Sheriff's sale and so that the Plaintiff would be force fed psycotropic [sic] medications to treat a mental illness that did not exist to cover up the CIA's electronic harassment campaign and to punish Plaintiff for filing thousands of lawsuits to expose the fact that FBI agent and the FBI Timothy Pivnichny set him up in a previous case in which he served 10 years in prison. . . . . Hornak's order was frivilous [sic] and denied due process because Wettstein and the U.S. Atty already filed a psych report in the case.  Wettstein delayed filing the report to delay the case.  Hickton changed the Indictment after it was filed and arraigned on to exclude a section that stated that Pivnichny was an agent working for the FBI. . . . Roe lied in open court to do the same because Plaintiff wanted to represent himself and get the case moving.

*Id.*  For relief, Plaintiff asks that the Petition be granted and the 9/1/15 order of court vacated [and] an immediate trial should commence."  *Id.*

In addition, Plaintiff alleges that Judge Hornak violated his due process and Sixth Amendment right to a speedy trial and self representation and the Judicial Code

---

[1] This bald, conclusory allegation may be disregarded by the Court.  *See Twombly*, CITE. Rather, the record shows that in the 9/1/15 order, Judge Hornak ruled that tolling the 70-day speedy trial clock from the date of his order until thirty days after Dr. Wettstein's report is provided to the court was deemed excludable delay under the Speedy Trial Act, 18 U.S.C. §3161 *et seq*. In support, Judge Hornak found "that the ends of justice served by the granting of this continuance outweigh the best interest of the public and the defendant to a speedy trial since the failure to grant such a continuance would deny counsel for the defendant reasonable time and information which are necessary for effective preparation taking into account the exercise of due diligence.  18 U.S.C. 3161(h)(7)(B)(iv)."  Order dated 9/1/15 at 1-2 (ECF No. 24, Crim. Case No. 15-168, W.D.Pa.)

4

of Conduct to delay this case. Instead of investigating Plaintiff's claims of CIA electronic harassment, Plaintiff alleges that Judge Hornak talked to him in "baby talk" to make him appear crazy. Plaintiff further alleges that Judge Hornak conspired with the other Defendants to cover up evidence including the requested testimony of CIA scientist Dr. Robert Duncan and "Guinea Pigs" author Dr. John Hall. *Id*. (ECF No. 1-1 at 1.) Plaintiff requests that an immediate evidentiary hearing be ordered, and asserts that the United States must compensate him for the ten years he served on the set up to stop his suits.

Plaintiff's motion to proceed IFP is defective in two respects. First, it does not attach service copies for each defendant named in the complaint or the required Marshal's 285 form completed for each defendant. More importantly, Plaintiff has not attached a statement making the required certifications as ordered by Judge Nora Barry Fischer in her Memorandum Order dated November 6, 2013 (ECF No. 10) in Case No. 2:13-cv-1198 (W.D.Pa.), in which she denied Plaintiff's motion for leave to proceed *in forma pauperis* and also entered the following order:

> IT IS FURTHER ORDERED that as to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), in addition to the other requirements for requesting in forma pauperis status, Plaintiff is required to attach to his motion for leave to proceed in forma pauperis a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Plaintiff fails to attach this certification, such failure will result in denial of the motion for leave to proceed in forma pauperis. If it should be

5

> determined that a false certification has been made, Plaintiff
> may be held in contempt of court and the Court may impose
> appropriate sanctions and/or punishment, after notice and
> an opportunity to be heard on the matter.

*Banks v. Unknown Named Number of U.S. Postal Inspectors*, Case No. 2:13-cv-1198, Mem. Order, ECF No. 10 (W.D. Pa. Nov. 6, 2013). Accordingly, because Plaintiff has failed to attach the required certification to his IFP motion, the Court recommends that his motion for leave to proceed *in forma pauperis* be denied and the case closed.[2] Should Plaintiff wish to proceed with this case, he must file a motion to reopen the case and submit either the required certification statement or the $400 filing fee.

## III. CONCLUSION

It is respectfully recommended that the Motion for Leave to Proceed *in Forma Pauperis* filed by Frederick Banks (ECF No. 1) be denied and that the Clerk of Court mark the case closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

---

[2] It is also unlikely that Plaintiff's Petition would survive preservice screening under 28 U.S.C. §1915(e)(2)(B) for failure to state a claim upon which relief can be granted, as the action he seeks to compel is discretionary and, as such, he has no clear right to relief. *See Banks v. U.S. Attorneys Office for W.D.Pa.*, Civ. A. No. 11-626, 2011 WL 6739290, *1 (W.D.Pa. Dec. 1, 2011) (citing *Hinkel v. England*, 349 F.3d 162, 164 (3d Cir. 2003)). Thus, Plaintiff's petition for writ of mandamus fails as a matter of law.

Dated: December 17, 2015					BY THE COURT:


							 /s/ Lisa Pupo Lenihan
							LISA PUPO LENIHAN
							United States Magistrate Judge

cc:	**FREDERICK BANKS**
	#120759, 2F
	Allegheny County Jail
	950 Second Avenue
	Pittsburgh, PA 15219-3100